UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MCCAFFERTY et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:10-CV1401 RWS |
| | ) |
| SCWARTZKOPF LAW OFFICE P.C. & KIM SCHWARTZKOPF | ) ) |
| Defendants, | ) |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT**

Plaintiffs concur with Defendants' statement of the facts of the case and as to the standard of review for a motion to dismiss. In response to Defendants' argument, Plaintiffs state as follows:

### A.  Plaintiffs' Complaint States a Claim that Defendants Violated 15 U.S.C. §1692g

Defendants cite a number of cases for the general proposition that demands may be made for payment and collection efforts may occur during the 30 day validation period. This is true. The issue is whether these demands and collection efforts overshadow the validation notice. None of the cases cited by the Defendants contain language that mirror the language in the case at bar.

The District Court in Minnesota has addressed a case with a letter containing language that is nearly identical to the language here. Owens v. Hellmuth & Johnson, Pllc, 550 F.Supp.2d 1060 (D. Minn., 2008). In Owens, the Court found that demanding payment "within 30 days from the date of this letter" violated §1692g because it

conflicted with the validation time period that is from the <u>receipt</u> of the letter, not the <u>date</u> of the letter. <u>Id</u>. at 1067.  The language in <u>Owens</u> is nearly identical to the letter in our case (In the present case, "within 30 days <u>of</u> the date of this letter" (emphasis ours)).

The Seventh Circuit Court of Appeals has ruled that a letter demanding payment "within 30 days" overshadowed the validation notice.  <u>Chauncey v. JDR Recovery Corp</u>., 118 F.3d 516, 518 (C.A.7 (Wis.), 1997).  The Court found that "the unsophisticated consumer would be scratching his head upon receipt of such a letter. He wouldn't have a clue as to what he was supposed to do before real trouble begins." <u>Id</u>. at 518.  In the present case, Defendants ask the Court to dismiss the complaint because it relates to acts that are not unlawful.  As described above, the letter is unlawful.

### B.  Plainiff's Complaint States a Claim that Defendants Violated 15 U.S.C. §1692e(5)

Defendants' threat that "a Judgment may be taken against you unless your check or money order is received...." implies to the least sophisticated consumer that if the money is not paid as requested, that the law firm will immediately have a judgment against the debtor.  This threat skips the step of informing the debtor that a filing of a lawsuit is necessary to obtain a judgment.  A judgment may not be obtained because the debtor fails to pay the amount within 30 days as requested.  That statement is false and is a threat to take an action that cannot legally be taken.  A lawsuit must be filed to obtain a judgment.

### C.  Plainiffs' Complaint States a Claim that Defendants Violated 15 U.S.C. §1692f

Defendants allege that Plaintiffs pled insufficient facts to pass muster under Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Hamilton v. Palm slip opinion No. 09-3676 (8th Cir., September 20, 2010) quoting Ashcroft v. Iqbal, 129 S. Ct. 1937,1949 (2009). Notice pleading is still the standard. Id. The Complaint before the Court certainly informs the Defendants' of the facts alleged. It is not merely a recitation of conclusory statements submitting the elements of the cause of action.

Wherefore, Plaintiffs move the Court to overrule Defendants' Motion to Dismiss.

Respectfully Submitted,

/s/ Steven R. White
PURSCHKE, WHITE, ROBINSON,
& BECKER, LLC
Steven R. White, #MO45595, #45595
316 E. Locust St.
Union, Missouri 63084
(636) 583-5760 Fax: (866) 804-1569
white@purschkewhite.com
ATTORNEYS FOR PLAINTIFFS

### Certificate of Service

A copy of this pleading was served by ECF on January 26, 2011 to: mklein@frankelrubin.com

/s/ Steven R. White
Steven R. White