UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL MCCAFFERTY,                )
                                   )
        Plaintiff,                 )
                                   )        Case No. 4:10-CV-1401RWS
        v.                         )
                                   )
SCHWARTZKOPF LAW OFFICE, et al.,   )
                                   )
        Defendants.                )

## MEMORANDUM AND ORDER

This matter is before me on Defendant Schwartzkopf Law Office and Kim

Schwartzkopf's Motion to Dismiss Second Amended Complaint [#31]. Plaintiffs' Second

Amended Complaint [#27] alleges Defendants violated three provisions of the Fair Debt

Collection Practices Act ("FDCPA"). Plaintiffs allege Defendants violated the FDCPA by

sending correspondence to each Plaintiff that included language that overshadowed the validation

notice and threatened legal action that Defendants were not capable of pursuing. Plaintiffs

further allege the Defendants' actions constituted unfair and unconscionable means to collect

debt. Defendants' argue that Plaintiffs' Second Amended Complaint should be dismissed for

failing to state a claim upon which relief can be granted because the conduct Plaintiffs allege is

wrongful is not unlawful under the FDCPA and because Plaintiffs misrepresent Defendants'

statements in their letter. Defendants finally argue the Second Amended Complaint fails to meet

the pleading standards of Rule 8 of the Federal Rules of Civil Procedure. I will deny Defendants'

Motion to Dismiss Count I of Plaintiffs' Second Amended Complaint because I find that Count I

states a claim for which relief may be granted. Because I find that Plaintiffs failed to sufficiently

plead Counts II and III in their Complaint, I will dismiss Counts II and III.[1]

*Background*

Plaintiffs allege they each received a letter from Defendants in an effort to collect a debt the respective Plaintiff originally owed to another entity. The letter received by each Plaintiff is identical except as to the date of the letter, the RE portion of the letter, the recipient, and the current balance of the account. The letter stated in its entirety:

[Date]

RE: []

Dear []:

Our law firm represents Tower Loan of Missouri, Inc., d/b/a Tower Loan of Washington with respect to your present account with that creditor. The current balance on that account including finance charges is []. This amount, plus attorney's fees and cost of collection is past due.

Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call our office.

I am hereby demanding payment in full within thirty (30) days of the date of this letter. A judgment may be taken against you unless your check or money order is received in our office in the amount set out above with in [sic] that thirty (30) day period. If you feel you do not owe the full amount of this account, or you wish to set up a payment schedule, you should contact me before the thirty (30) day period expires.

You should also be advised as follows:

(1)    If you do not dispute the validity of his [sic] debt or any portion thereof within thirty (30) days of receipt of this letter we will assume it is  valid.

(2)    If you dispute the validity of all or any portion thereof in writing within thirty (30) days of receipt of this letter, we will mail verification to  you.

---

[1]Plaintiffs do not label their claims as Counts I, II, and III in their Second Amended Complaint. The first alleged violation in the Complaint (15 U.S.C. § 1692g) will be referred to as Count I; the second alleged violation in the Complaint (15 U.S.C. § 1692e(5)) will be referred to as Count II; the third alleged violation in the Complaint (15 U.S.C. § 1692f) will be referred to as Count III.

        (3)     If you request the verification in writing we will provide you with the name and address of the original creditor, if different from the creditor named above.

        You may contact me by written correspondence or by telephone at my work number of (573)-234-1214 on Monday through Friday from 9:00 AM to 5:00 PM.

        Sincerely,

Schwartzkopf Law Office P.C.

Kim G. Schwartzkopf

Plaintiffs allege the portion of the letter demanding payment within thirty days violates 15 U.S.C. § 1692g.  Plaintiffs next allege the portion of the letter indicating a judgment could be taken against the recipient if the amount owed is not paid is a violation of 15 U.S.C. § 1692e(5). Finally, Plaintiffs allege that Defendants' actions were unfair and unconscionable means to collect debt in violation of 15 U.S.C. § 1692f.

*Legal Standard*

When ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiffs.  Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formalistic recitation of elements of a cause of action will not do." Id. (internal quotations omitted).  To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555.

*Discussion*

Congress passed the Fair Debt Collection Practices Act in order to stop "the use of

abusive, deceptive and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). When a court is evaluating a debt collection letter it must view the letter "through the eyes of an unsophisticated consumer." <u>Freyermuth v. Credit Bureau Services, Inc.</u>, 248 F.3d 767, 771 (8th Cir. 2001).

*15 U.S.C. Section 1692g*

Plaintiffs allege Defendants violated 15 U.S.C. § 1692g by mailing each of them a letter that included a statement that contradicted and overshadowed the letter's validation notice and included a statement that a judgment could be taken against the recipient if payment was not received by the Defendants within thirty days of the date of the letter.

Section 1692g sets out information a debt collector must provide to a consumer within five days after the initial communication of a debt collection. The required information includes "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(4). Further, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

The letter sent to Plaintiffs by Defendants included the validation notice required by Section 1692g because the letter informed the recipient that if the validity of the debt was not challenged within thirty days of *receipt* of the letter, it would be considered valid. Plaintiffs allege the validation notice was overshadowed because the letter also demanded payment within thirty days of the *date of the letter*. The alleged overshadowing arises because the window of

-4-

time to respond to the demand for payment expired before the window of time for the recipient to dispute the validity of the debt.[2]  Plaintiffs further allege Section 1692g was violated because of the letter's statement that a judgment could be taken against Plaintiff if the debt was not paid as demanded.

Defendants assert that Plaintiffs' claim under Section 1692g should be dismissed because that provision does not prohibit a debtor from making a demand for payment, the Defendants' demand for payment did not affect Plaintiffs' right to validate the alleged debt, and Defendants' letter did not indicate a judgment *would* be taken, but it *may* or *could* be taken in the future if payment is not received within thirty days.

The parties have not cited and I have not found any controlling case law on the issue whether seemingly conflicting time periods for demand of payment and the time to dispute a debt overshadows a validation notice.  Defendants rely on several cases outside of the Eighth Circuit for the proposition that payment may be demanded without overshadowing the validation notice. The first case cited by Defendants, Jacobson v. Healthcare Financial Services, Inc., is not on point. Jacobson v. Healthcare Financial Services, Inc., 519 F.3d 85 (2d. Cir. 2008).  The letter in Jacobson indicated that "[i]f payment or notice of dispute is not received in this office within 30 days, we shall recommend further action be taken against you to collect this outstanding balance." Id. at 88.  The Jacobson Court held that this did not violate the FDCPA because the debtor was presented with two options that even the least sophisticated debtor would understand:

<hr>

[2]While Plaintiffs' Complaint does not indicate on what date each Plaintiff received the letter, the Complaint indicates the letter was "sent" by Defendants to the each Plaintiff.  I assume each Plaintiff received the letter by mail which would necessarily make the date of receipt after the date of the letter.  Defendants do not argue the date of receipt and date of the letter are the same day.

either pay the debt within 30 days or dispute the debt within thirty days.  <u>Id</u>. at 92.  However,

<u>Jacobson</u> presented a different scenario because that letter, unlike the letter in this case, did not

have a different starting time to satisfy the demand for payment and the amount of time to

dispute the debt.

Defendants also rely upon <u>Savino v. Computer Credit Inc.</u> for the proposition that a

demand for payment alone is not a violation of FDCPA.  <u>Savino v. Computer Credit Inc.</u>, 164

F.3d 81, 86 (2d Cir. 1998)  While the Court in <u>Savino</u> did indicate that a demand for payment in

isolation does not inherently violate the FDCPA, it found that the validation notice at issue did

violate the FDCPA because the letter included an immediate demand for payment that

contradicted the thirty day window of time the debtor was given to dispute the debt.  <u>Id</u>. at 85-6.

The <u>Savino</u> Court went on to provide multiple examples of how the defendants could have

complied with the FDCPA while demanding payment and including the required validation

notice.  <u>Id</u>. at 86.  Defendants in the current case did not include any such qualifying language in

the letter at issue.

The next case referred to by Defendants, <u>Sims v. GC Services L.P.</u>, is also not on point

because the issue addressed in <u>Sims</u> was whether the demand for payment visually overshadowed

the validation notice.  <u>Sims v. GC Services L.P.</u>, 445 F.3d 959, 963 (7th Cir. 2006).

Plaintiffs cite a case that presents a nearly identical scenario as the current action and

provides more persuasive analysis.  In <u>Owens v. Hellmuth & Johnson PLLC</u>, the letter sent by

the debt collector included the validation notice that the recipient could notify the office within

thirty days of receiving the notice that it disputed the validity of the debt.  <u>Owens v. Hellmuth &</u>

<u>Johnson PLLC</u>, 550 F.Supp.2d 1060, 1061-62 (D. Minn. 2008).  The letter also demanded that

payment be remitted within thirty days from the date of the letter. <u>Id</u>. at 1062. The court held that the letter "would leave an unsophisticated consumer uncertain as to his rights" because of the inconsistent statements demanding payment within thirty days of the date of letter while the validation noticed informed the plaintiffs they had the right to dispute the debt within thirty days of the receipt of the letter. <u>Id</u>. at 1068. The court concluded that this constituted a violation of the FDCPA. <u>Id</u>.

Similarly, in the current case, the Plaintiffs were informed that each had thirty days from the *receipt* of the letter to dispute the validity of the debt while the Defendants also demanded payment be made within thirty days of the *date* of the letter. I find that an unsophisticated consumer may be unsure how to proceed in light of the conflicting statements. Because the date of the letter would necessarily come before the date the letter is received, the time to satisfy the demand for payment expires while the Plaintiffs may still dispute the validity of the debt. As a result, the Plaintiffs could be subjected to Defendants pursuing a judgment against them while the Plaintiffs still had the right to dispute the validity of the debt. Accordingly, I find that the Plaintiffs have stated a claim for which relief may be granted and Defendants' Motion to Dismiss Count I of Plaintiff's Second Amended Complaint is denied.

*15 U.S.C. Section 1692e*

Section 1692e(5) states "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken" constitutes a false, deceptive, or misleading practice. 15 U.S.C. § 1692e(5). "In evaluating whether a debt collection letter is false, misleading, or deceptive in violation of § 1692e, the letter must be viewed through the eyes of an unsophisticated consumer." <u>Peters v. General Service Bureau, Inc.</u>, 227 F.3d 1051, 1055 (8th Cir. 2002). While this test is

"designed to protect consumers of below average sophistication or intelligence…[it] also contain[s] an 'objective element of reasonableness.'" Id. (quoting Gammon v. G.C. Services Ltd. P'ship, 27 F.3d 1254, 1257 (7th Cir. 1994). The reasonableness element is intended to "prevent [] liability for bizarre or idiosyncratic interpretations of collection notices." Id. (quoting Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3rd Cir. 2000).

Plaintiffs allege that Defendants violated 15 U.S.C. § 1692e by including the following sentence in the letter: "A judgment *may* be taken against you unless your check or money order is received in our office in the amount set out above with in [sic] that thirty (30) day period." (emphasis added).  Plaintiffs argue the statement that a judgment may be taken against the recipient violated Section 1692e(5) because Defendants had not filed a lawsuit against each recipient at the time of the letter.  In their Response, Plaintiffs argue this suggests to the least sophisticated consumer that the law firm will "immediately" have a judgment against the debtor and that this would be impossible since a lawsuit had not been filed against Plaintiffs at the time the letter was sent.  Plaintiff does not cite any support for this interpretation.

Plaintiffs' interpretation of the letter's provision is untenable.  The letter indicates that a judgment *may* be taken.  The letter does not state that a judgment *will* or *shall* be taken.  In this context, an unsophisticated consumer would be able to distinguish the difference between a statement that something is capable of occurring in the future from a statement that something is certain to occur in the future.  Each Plaintiff was merely informed that if the demanded amount was not remitted there is a possibility the Defendants would pursue a judgment against the recipient.  Because Plaintiffs have failed to sufficiently plead that Defendants' letter violated Section 1692e(5), I will grant Defendants' Motion to Dismiss Count II of Plaintiffs' Second

Amended Complaint.

*15 U.S.C. Section 1692f*

Section 1692f indicates "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt" and includes an non-exhaustive list of violative conduct. Plaintiffs' final allegation is that "Defendants' actions were unfair and unconscionable means to collect" debt under 15 U.S.C. § 1692f. Defendants move to dismiss Count III on the basis that Plaintiffs' allegation is merely a conclusory statement that, without more, cannot survive a motion to dismiss.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not satisfy the pleading standard for a motion to dismiss. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (U.S. 2009). When considering a motion to dismiss, all factual allegations in a complaint must be taken as true, however, that requirement does not extend to legal conclusions. Id. at 1949-50. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950.

Count III of Plaintiffs' Amended Complaint is merely a partial recitation of Section 1692f with no indication of what conduct Defendants engaged in that was unfair and unconscionable. The only facts alleged in Plaintiffs' Amended Complaint are that Defendants sent a letter that demanded payment before Plaintiffs' time to challenge the validity of the debt expired and that Defendants' letter indicated a judgment may be taken against Plaintiffs if payment was not made. Plaintiffs' Second Amended Complaint does not indicate which of these facts supports the allegation of unfair and unconscionable conduct and Plaintiffs merely argue in their Response that sufficient facts have been alleged without identifying the supporting facts. As a result,

Plaintiffs have not pled sufficient facts from which I can conclude it is plausible Defendants' actions were unfair and unconscionable. As a result, I will grant Defendants' Motion to Dismiss Count III of Plaintiffs' Second Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants' Motion to Dismiss [#31] is **GRANTED in part and DENIED in part**. Counts II and III of Plaintiffs' Second Amended Complaint [#27] are hereby **DISMISSED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 8th day of February, 2011.