UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MCCAFFERTY et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:10-CV1401 RWS |
| SCWARTZKOPF LAW OFFICE P.C. & KIM SCHWARTZKOPF | ) |
| Defendants, | ) |

**PLAINTIFF'S MEMORANDUM IN RESPONSE**
**TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants rely exclusively on Plaintiffs stipulation for the purpose of summary judgment that Plaintiffs were not confused by the letter in question as Defendants' argument both for summary judgment on their own behalf and to defeat summary judgment on the part of the Plaintiffs. Their reliance on this argument is misplaced.

Defendants state in their Memorandum in Support of their Motion for Summary Judgment:

> Although an objective standard is used to determine when the act has been violated, at some point, the Court must look to the consumers to determine if they are in fact being abused or deceived.

Id. at p.3. They correctly state the law regarding the objective standard. See Freyermuth v. Credit Bureau Services, Inc., 248 F.3d 767, 771 (8th Cir. 2001) ("through the eyes of an unsophisticated consumer"). They spend the rest of their argument running away from the objective standard and try to lead the Court to adopt a subjective standard.

Defendants' argument would be better if we had stipulated that not only were the Plaintiffs not confused, but that the Plaintiffs were also a group of unsophisticated

consumers.  Then the Defendants could argue that the lack of confusion on the part of the Plaintiffs was evidence that the letter was not confusing.  The 7th Circuit is alone among the Circuits in accepting this kind of evidence of confusion and even it has rejected evidence that the Plaintiff was not confused without also proving that Plaintiff was an unsophisticated consumer.  McKinney v. Cadleway Properties, Inc. 548 F.3d 496, 508, fn 1 (7th Cir. 2008) (Rovner, J, concurring in part and dissenting in part).  In fact, the 7th Circuit even found liability for a confusing letter where the Plaintiff had not even read the letter.  Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir.1997) ("the question whether a dunning letter violates the Fair Debt Collection Practices Act does not require evidence that the recipient was confused—or even, as we noted earlier, whether he read the letter").

    The letter in this case is confusing on its face and therefore violates the FDCPA. The Court should grant Summary Judgment to Plaintiffs

                      Respectfully Submitted,

/s/ Steven R. White
PURSCHKE, WHITE, ROBINSON,
& BECKER, LLC
Steven R. White, #45595MO
316 E. Locust St.
Union, Missouri 63084
(636) 583-5760 Fax: (866) 804-1569
white@purschkewhite.com
ATTORNEYS FOR PLAINTIFFS

**Certificate of Service**

A copy of this pleading was served by ECF on July 12, 2011 to:

mklein@frankelrubin.com

                      /s/ Steven R. White
                      Steven R. White