UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL MCCAFFERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:10 CV 1401 RWS |
| v. | ) | |
| | ) | |
| SCHWARTZKOPF LAW OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

In this case, Plaintiffs allege correspondence they received from Defendants violated the Fair Debt Collection Practices Act ("FDCPA"). This matter is currently before me on cross motions for summary judgment. For the reasons set for below, I will grant summary judgment in favor of Plaintiffs.

## I.    Background

The parties agree to the facts underlying this case. Defendant Schwartzkoph Law Office is a debt collector under the FDCPA. It represents Tower Loan of Missouri d/b/a Tower Loan of Washington with respect to amounts each Plaintiff owes to Tower Loan of Washington. Between May 2008 and April 2010, Defendants sent each Plaintiff a letter in an effort to collect debts owed by each Plaintiff. The letter Plaintiffs received is identical except as to the date of the letter, the RE portion of the letter, the recipient, and the current balance of the account. The letter stated in its entirety:

[Date]

RE: []

Dear []:

Our law firm represents Tower Loan of Missouri, Inc., d/b/a Tower Loan of Washington with respect to your present account with that creditor. The current balance on that account including finance charges is []. This amount, plus attorney's fees and cost of collection is past due.

Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call our office.

I am hereby demanding payment in full within thirty (30) days of the date of this letter. A judgment may be taken against you unless your check or money order is received in our office in the amount set out above with in [sic] that thirty (30) day period. If you feel you do not owe the full amount of this account, or you wish to set up a payment schedule, you should contact me before the thirty (30) day period expires.

You should also be advised as follows:

(1)     If you do not dispute the validity of his [sic] debt or any portion thereof within thirty (30) days of receipt of this letter we will assume it is valid.

(2)     If you dispute the validity of all or any portion thereof in writing within thirty (30) days of receipt of this letter, we will mail verification to you.

(3)     If you request the verification in writing we will provide you with the name and address of the original creditor, if different from the creditor named above.

You may contact me by written correspondence or by telephone at my work number of (573)-234-1214 on Monday through Friday from 9:00 AM to 5:00 PM.

Sincerely,

Schwartzkopf Law Office P.C.

Kim G. Schwartzkopf

None of the Plaintiffs disputed the validity of their debt. Plaintiffs have stipulated that they understood their rights and were not confused or misled the letter they received.

## II.     Legal Standard

In considering whether to grant summary judgment, a district court examines the "pleadings, the discovery and disclosure materials on file, and any affidavits." Fed. R. Civ. P. 56(c)(2). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that

the moving party is entitled to judgment as a matter of law.  Lynn v. Deaconess Med. Ctr., 160

F.3d 484, 486 (8th Cir. 1998).  When a genuine issue of material fact exists, summary judgment

should not be granted.

The party seeking summary judgment bears the initial responsibility of informing the

court of the basis of its motion and identifying those portions of the affidavits, pleadings,

depositions, answers to interrogatories, and admissions on file which it believes demonstrates the

absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When such a motion is made and supported by the movant, the nonmoving party may not rest on

his pleadings but must produce sufficient evidence to support the existence of the essential

elements of his case on which he bears the burden of proof.  Id. at 324.  In resisting a properly

supported motion for summary judgment, the nonmoving party has an affirmative burden to

designate specific facts creating a triable controversy.  Crossley v. Georgia-Pacific Corp., 355

F.3d 1112, 1113 (8th Cir. 2004).

## III.    Discussion

Congress passed the Fair Debt Collection Practices Act in order to stop "the use of

abusive, deceptive and unfair debt collection practices by many debt collectors."  15 U.S.C. §

1692(a).  When a court is evaluating a debt collection letter it must view the letter "through the

eyes of an unsophisticated consumer."  Freyermuth v. Credit Bureau Services, Inc., 248 F.3d 767,

771 (8th Cir. 2001).  This standard is "designed to protect consumers of below average

sophisticated or intelligence without having the standard tied to the very last rung on the

sophistication ladder.  This standard protects the uninformed or naive consumer, yet also contains

an objective element of reasonableness to protect debt collectors from liability for peculiar

-3-

interpretations of collection letters." <u>Strand v. Diversified Collection Services, Inc.</u>, 380 F.3d 316, 317-18 (8th Cir. 2004) (internal quotes and citations omitted).

Section 1692g sets out information a debt collector must provide to a consumer within five days after the initial communication of a debt collection.  The required information includes "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."  15 U.S.C. § 1692g(a)(4).  Further, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."  15 U.S.C. § 1692g(b).

Plaintiffs allege Defendants violated 15 U.S.C. § 1692g by mailing each of them a letter that included a statement that contradicted and overshadowed the letter's validation notice.  The letter first demanded payment from the recipient, indicating

> I am hereby demanding payment in full within thirty (30) days of the date of this letter.  A judgment may be taken against you unless your check or money order is received in our office in the amount set out above with in [sic] that thirty (30) day period.  If you feel you do not owe the full amount of this account, or you wish to set up a payment schedule, you should contact me before the thirty (30) day period expires.

Defendants' letter then set out the validation noticed required under 15 U.S.C. § 1692g(4) by including the following language:

> If you do not dispute the validity of his [sic] debt or any portion thereof within thirty (30) days of receipt of this letter we will assume it is valid.  (2) If you dispute the validity of all or any portion thereof in writing within thirty (30) days of receipt of this letter, we will mail verification to you.  (3) If you request the verification in writing we

> will provide you with the name and address of the original creditor,
> if different from the creditor named above.

Plaintiffs allege the validation notice was overshadowed by the demand for payment.  The alleged overshadowing arises because the window of time to respond to the demand for payment expired before the window of time for the recipient to dispute the validity of the debt.  The validation notice indicated the recipient must dispute the validity of the debt within thirty days of *receipt* of the latter.  However, the letter demanded payment within thirty days *date of the letter*.

Plaintiffs now argue that summary judgment should be entered on their behalf because Defendants' letter would be confusing to an unsophisticated consumer.  Defendants argue that summary judgment should be granted on their behalf because the Plaintiffs were not confused by the letter.

Defendants acknowledge that I must apply an objective standard in determining whether the least sophisticated consumer would be uncertain as to his or her rights.  Defendants also assert that the subjective beliefs of the Parties should also be taken into account.  Defendants fail to cite, and I have not identified, any binding precedent for this proposition.  Defendants argue that because the Plaintiffs in this case have stipulated that they were not in fact confused by the letter's language, I must conclude the letter's conflicting windows of time do not violate the least sophisticated consumer test.  Defendants argument is unpersuasive.

An unsophisticated consumer receiving Defendants's letter would be confused as to his or her rights.  On one hand, Defendants demand payment within 30 days of the date of the letter and indicate that if the recipient does not feel as though he or she owes the full amount, the recipient should contact Defendants before the expiration of the thirty day period beginning on the *date of*

*the letter*.  Then Defendants indicate that if the recipient does not dispute the validity of the debt within thirty days of *receipt* of the letter, the debt will be assumed valid.  These are contradictory and confusing instructions as to how the recipient should proceed.  As a result, when viewing Defendants' letter through the eyes of an unsophisticated consumer.  Summary judgment will be entered in favor of Plaintiffs that the validation notice is overshadowed by Defendants' demand for payment.[1]

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' Motion for Summary Judgment [#46] is **GRANTED** and Defendants' Motion for Summary Judgment [#48] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of October, 2011.

---

[1]The parties did not address, and I do not reach, the issue of damages.