UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MCCAFFERTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:10 CV 1401 RWS |
| v. ) | |
| ) | |
| SCHWARTZKOPF LAW OFFICE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

In this case, Plaintiffs allege correspondence they received from Defendants violated the Fair Debt Collection Practices Act ("FDCPA"). I granted summary judgment in favor Plaintiffs and denied Defendants' motion for summary judgment on October 17, 2011. In doing so, I concluded that the demand for payment in Defendants debt collection letter overshadowed the validation notice required under 15 U.S.C. § 1692g(4) of the FDCPA. The facts underlying this case are extensively set out in my Memorandum and Order dated October 17, 2011 [#54].

This matter is currently before me on Defendant's Motion to Alter [#56] the Order I entered on October 17, 2011. Defendants argue summary judgment was improperly granted in favor of Plaintiffs and denied to Defendants because Plaintiffs have stipulated they were not subjectively confused by the letter they received.

As I indicated in my prior Order, a court evaluating a debt collection letter must view the letter "through the eyes of an unsophisticated consumer." Freyermuth v. Credit Bureau Services, Inc., 248 F.3d 767, 771 (8th Cir. 2001). This standard is "designed to protect consumers of below average sophisticated or intelligence without having the standard tied to the very last rung on the sophistication ladder. This standard protects the uninformed or naive consumer, yet also contains

an objective element of reasonableness to protect debt collectors from liability for peculiar letter interpretations of collection letters." Strand v. Diversified Collection Services, Inc., 380 F.3d 316, 317-18 (8th Cir. 2004) (internal quotes and citations omitted).

Defendants now reassert their argument that Plaintiffs' claims fail because they were not subjectively confused by the letter, irrespective of my conclusion that the validation notice was overshadowed by Defendants' demand for payment. When I considered their Motion for Summary Judgment, Defendants failed to cite any binding precedent in support of their argument. Again Defendants have failed to cite any binding precedent. Instead, Defendants rely on a case from the United States Court of Appeals for the Seventh Circuit. Interestingly, the analysis presented by the Seventh Circuit in Chuway v. National Action Financial Services, Inc., 362 F.3d 944 (7th Cir. 2004) does not contradict my conclusion. In Chuway, the Seventh Circuit specifically indicated a plaintiff is not required to "always submit a survey or some other form of systematic empirical evidence demonstrating the propensity of the letter to confuse." Id. at 948. The Seventh Circuit reasoned that "if it is unclear whether the letter would confuse intended recipients of it, then to make out a prima facie case the plaintiff has to go further and present evidence...of confusion, for example in the form of a carefully designed and conducted consumer survey." Id. The Court did not indicate that a plaintiff's confusion was a prima facie requirement to assert a claim under the FDCPA and did not expressly indicate a subjective confusion element was requirement where survey evidence is not presented. Defendants have again failed to cite any binding precedent for such a proposition.

Here, it is clear that the letter would confuse intended recipients under the unsophisticated consumer standard. On one hand, Defendants demand payment within 30 days of the *date of the*

*letter*. Defendants then indicate that if the recipient does not feel as though he or she owes the full amount, the recipient should contact Defendants before the expiration of the thirty day period beginning on the date of the letter. Defendants next indicate that if the recipient does not dispute the validity of the debt within thirty days of *receipt of the letter*, the debt will be assumed valid. These instructions are clearly contradictory. Though the Plaintiffs in this matter have stipulated they were not subjectively confused by the letter, Defendants have not established the FDCPA requires subjective confusion of behalf of Plaintiffs and I again conclude that when viewing Defendants' letter through the eyes of an unsophisticated consumer, the validation notice is overshadowed by Defendants' demand for payment.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants' Motion to Alter Judgment [#56] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 20th day of January, 2012.