UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MCCAFFERTY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 4:10 CV 1401 RWS |
| v. ) | |
| ) | |
| SCHWARTZKOPF LAW OFFICE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiffs filed this lawsuit alleging correspondence they received from Defendants violated the Fair Debt Collection Practices Act ("FDCPA"). I entered summary judgment in favor of Plaintiffs. This matter is currently before me to consider whether to award Plaintiffs statutory damages.

**Background**

The parties agree to the facts underlying this case. Defendant Schwartzkoph Law Office is a debt collector under the FDCPA. It represents Tower Loan of Missouri d/b/a Tower Loan of Washington with respect to amounts each Plaintiff owes to Tower Loan of Washington. Between May 2008 and April 2010, Defendants sent each Plaintiff a letter in an effort to collect debts owed by each Plaintiff. The letter Plaintiffs received is identical except as to the date of the letter, the RE portion of the letter, the recipient, and the current balance of the account. The letter stated in its entirety:

> [Date]
> RE: []
> Dear []:
> Our law firm represents Tower Loan of Missouri, Inc., d/b/a Tower Loan of Washington with respect to your present account with that creditor. The

current balance on that account including finance charges is [].  This amount, plus attorney's fees and cost of collection is past due.

Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.  Hence if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which  event we will inform you before depositing the check for collection.  For further information, write the undersigned or call our office.

I am hereby demanding payment in full within thirty (30) days of the date of this letter.  A judgment may be taken against you unless your check or money order is received in our office in the amount set out above with in [sic] that thirty (30) day period.  If you feel you do not owe the full amount of this account, or you wish to set up a payment schedule, you should contact me before the thirty (30) day period expires.

You should also be advised as follows:

(1)  If you do not dispute the validity of his [sic] debt or any portion thereof within thirty (30) days of receipt of this letter we will assume it is valid.

(2)  If you dispute the validity of all or any portion thereof in writing within thirty (30) days of receipt of this letter, we will mail verification to you.

(3)  If you request the verification in writing we will provide you with the name and address of the original creditor, if different from the creditor named above.

You may contact me by written correspondence or by telephone at my work number of (573)-234-1214 on Monday through Friday from 9:00 AM to 5:00 PM.

Sincerely,
Schwartzkopf Law Office P.C.
Kim G. Schwartzkopf

None of the Plaintiffs disputed the validity of their debt.  Plaintiffs have stipulated that they understood their rights, were not confused or misled the letter they received, and do not seek actual damages.  After applying an "unsophisticated consumer" standard, I entered summary judgment in favor of Plaintiffs, finding the validation notice in the letter is overshadowed by Defendants' demand for payment.  The parties filed a joint stipulation waiving any right to a jury trial and the only remaining issue is to consider whether to award Plaintiffs statutory damages.  The parties have filed briefs addressing statutory damages, and the issue is now ripe for decision.

**Discussion**

"[A]ny debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of...any actual damage sustained by such person as a result of such failure; [and...] in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a).

The FDCPA sets out three factors a district court must consider, among other relevant factors, to determine the amount of liability for a violation of the FDCPA. The Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." Section 1692k(b)(1).

Defendants persuasively argue they did not frequently and persistently violate the FDCPA. The only conduct by Defendants that violated the FDCPA was sending each Plaintiff a single letter containing the violative language. Under these circumstances, I cannot conclude that Defendants frequently and persistently violated the FDCPA.

I must next consider the nature of Defendants' noncompliance. The demand for payment Defendants made in their letter overshadowed the validation notice. The overshadowing arises because the window of time for the recipient to respond to Defendants' demand for payment expired *before* the window of time to dispute the validity of the debt. Defendants' noncompliance was relatively minor and did not result in actual damages. Further, Defendants' conduct was not invasive and did not actually confuse Plaintiffs.

Finally, I must consider the extent to which Defendants' noncompliance was intentional.

Defendants argue they did not intentionally violate the FDCPA, would testify to the same, and immediately discontinued use of the letter when they were advised it may contained violative language. Plaintiffs argue that Defendant Kim Schwartzkopf experience and level of sophistication as an attorney indicate that it is unlikely the conduct was unintentional.

After considering the factors as discussed above, under the circumstances presented in this case, I find that each Plaintiff is entitled to statutory damages of $25.00, for a total statutory damage award of $375.00.[1]

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs are awarded statutory damages of $375.00.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of May, 2012.

---

[1] Defendants argue that the statutory damage award for Plaintiffs collectively is limited to $1000.00. Plaintiffs argue they may reach be award up to $1000.00, for a collective potential statutory damage award of $15,000.00. The parties have not cited case law applying the statutory language to a multiple plaintiff lawsuit. In fact, Plaintiffs declined to address the issue in its brief. However, as indicated above, the issue need not be resolved here because the total statutory award is $375.00.