UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MCCAFFERTY, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | )   Case No. 4:10 CV 1401 RWS |
| v. | ) |
| | ) |
| SCHWARTZKOPF LAW OFFICE, et al., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

On October 17, 2011, I entered summary judgment in favor of Plaintiffs in this Fair Debt Collection Practices Act ("FDCPA"). I found that Defendants violated 15 U.S.C. § 1692g by mailing the Plaintiffs a debt collection letter that included a statement that contradicted and overshadowed the letter's validation notice. On May 15, 2012, I awarded Plaintiffs statutory damages totaling $375.00. This matter is currently before me on Plaintiffs motion for bill of costs [#72] and for attorney fees [#73]. Plaintiffs seek $410.00 in their bill of costs representing $60.00 incurred for serving the complaint and $350.00 for the filing fee. Plaintiffs also seek $12,960.00 in attorneys fees based on a rate of $260.00 per hour. Defendants to not object to the $260.00 hourly rate Plaintiffs' counsel seeks and acknowledge that the FDCPA's statutory language makes the award of costs and reasonable attorneys fees mandatory.

"The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." Hanig v. Lee, 415 F.3d 822, 825 (8th Cir.2005)(internal quotations and citation omitted). Once I have determined that amount, I consider a number of factors to determine whether the fee should be adjusted upward or downward. The factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of

employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases." Roark v. South Iron R-1 School District, No. 4:06CV392CPD, 2008 WL 2224797, at n.1 (citing Johnson v. Georgia Highway Express, 488 F.2d 714, 171 (5th cir.1974)).

Defendants concede that the hourly rate charged by Plaintiffs' counsel is reasonable. However, after carefully reviewed the hours expended, considering the facts and circumstances presented in this case, and the other relevant factors, I find that an award of attorneys fees of $9,500.00 is reasonable for Defendants technical violation of the FDCPA.  Plaintiff billed over $1000.00 for time spent traveling to court proceedings, nearly $400.00 for settlement negotiations, and  asserted two claims that were dismissed.  As a result, I will grant an award of attorneys fees of $9,500.00 and award taxable costs in the agreed amount of $410.00. Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' motion for a bill of costs [#72] is granted to the extent that the Clerk of the Court shall tax costs in the amount of $410.00.

**IT IS FURTHER ORDERED that** Plaintiffs' motion for attorneys fees [#73] is granted in the total amount of $9,500.00.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of August, 2012.